IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SEAN WESLEY HAMMOCK,            )
                                )
            Plaintiff,          )
                                )
v.                              )   Case No. CIV-18-063-KEW
                                )
COMMISSIONER OF THE SOCIAL      )
SECURITY ADMINISTRATION,        )
                                )
            Defendant.          )

**OPINION AND ORDER**

This matter comes before this Court on the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Timothy White, the attorney for Plaintiff (Docket Entry #22). Counsel requests that he be awarded fees for legal work pursuant to 42 U.S.C. § 406(b) in the amount of $25,816.25. Counsel was employed by Plaintiff to appeal the adverse decision rendered by the Administrative Law Judge presiding over the request for benefits. To that end, counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past due benefits ultimately awarded to Plaintiff. Such contracts are recognized as valid under the prevailing case authority. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

Plaintiff's counsel filed an opening brief on his behalf. In response, Defendant filed an unopposed motion to remand the case for further proceedings. In compensation for his services, Plaintiff's counsel was awarded EAJA fees in the amount of

$4,262.20. On remand, the ALJ entered a fully favorable decision and awarded past due benefits of $115,114.10.

The amount awarded to counsel for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of past due benefits. 42 U.S.C. § 406(b)(1)(A). As in this case, Defendant is authorized to withhold up to 25% of the past due benefits awarded to a claimant for payment directly to the claimant's attorney. 42 U.S.C. § 406(a)(4). The Tenth Circuit Court of Appeals determined that the 25% amount is separate and apart from the amount awarded at the agency level under 42 U.S.C. § 406(a). Wrenn v. Astrue, 525 F.3d 931, 937-938 (10th Cir. 2008). The only condition upon the full award of 25% is a requirement that the court review contingency fee arrangements "to assure that they yield reasonable results in particular cases." Id. at 938 (citations omitted). Counsel's requested fees do not exceed either the amount contracted for in the contingency fee agreement or the limitations of §406(b).

Defendant states that it generally does not take a position on awarding the amount requested but concedes that it has no objection to the award. This Court has reviewed the contemporaneous time and expense records based upon the admonishment of the Tenth

Circuit to do so and finds the time expended to be reasonable and necessary in consideration of the result obtained.

Additionally, the request for § 406(b) fees must be filed within a reasonable time. In seeking an award under § 406(b), an attorney is required to employ the provisions of Fed. R. Civ. P. 60(b)(6). McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006). While relief under this rule is considered extraordinary and reserved for exceptional circumstances, substantial justice is served by permitting its use in the circumstance faced by counsel in seeking these fees. Id. To that end, any fee request pursued under § 406(b) should be filed "within a reasonable time of the Commissioner's decision awarding benefits." Id. (citation omitted).

In this case, counsel contends he did not know the amount of past due benefits until March 16, 2022, when he received an "Important Information" letter from the Social Security Administration. Counsel then filed the subject Motion on April 6, 2022. Based on the representation of counsel, this Court concludes that counsel's request for § 406(b) compensation is timely.

IT IS THEREFORE ORDERED the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Timothy White, the attorney for Plaintiff (Docket Entry #22), is hereby **GRANTED**. Plaintiff's

3

counsel is awarded fees in the amount of $25,816.25. Defendant is directed to pay this fee directly to counsel from the amount of past due benefits withheld for that purpose. In addition, Plaintiff's counsel shall refund the smaller amount between any EAJA fees already awarded and the § 406(b) fees awarded in this decision to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 28th day of June, 2022.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

4